Brockenbrougi-i, J.
The principal question argued by the counsel for the appellant, and which seems to arise on the demurrer to the declaration, is, whether there is a misjoinder of action ? Whether it is a correct course of pleading, to unite a count upon a specialty, and a count on a simple contract, in the same action of debt 1
Debt lies in all cases of determinate contract, whether evidenced by specialty, or by simple contract, either verbal or written, and is distinguished from assumpsit in this, that the latter must be brought where the object is to recover damages for the non-performance of a parol or simple contract, but where the sum due is ascertained, debt may be brought;. Of the simple contracts for which debt lies, there is no doubt that a contract for money due on an account stated is included. Then, as to the joining of different species of contract in the same declaration, it is. well established, that debt on an obligation and on a mutuatus may be joined in the same action, though the former is a contract under seal, and the other only a simple contract. Although in the former case, the general issue is non est factum, and in the latter nil *111 debet, they may be joined; the test of the propriety of such junction not being that the pleas are the same, but that the counts are of the same nature (for example, both in debt or both in assumpsit, not one in debt and the other in assumpsit) and that the same judgment may be given in all, though the pleas be different. 2 Wms. Saund. 117. b. c. note 2. The counsel for the appellant admits, that the english rule is so; but he argues, that the rule here should be different, in consequence of the difference in the law of the two countries as to bail in civil cases.
In the english practice, bail cannot be demanded in any case, of right; but on'affidavit that the defendant is actually indebted to the plaintiff in the sum of £10. or more, bail may be required, in any case, whether the action be founded on a specialty, or on a simple contract, verbal or written. By our statute, the plaintiff, without any affidavit, may demand bail, in actions of debt founded on any writing obligatory, bill, or note in writing, for the payment of money or tobacco, covenant, detinue, and on certain statutes, by indorsing on the writ, the true species of action, and that bail is required, in order to authorize the sheriff to take bail: but in other personal actions than those so specified, bail can only be required, by the order of a judge or justice, upon an affidavit of the plaintiff, not only verifying the justice of his action, but shewing probable cause to apprehend that the defendant will depart from the jurisdiction of the court so that process of execution cannot be served on him. 1 Rev. Code, ch. 126. § 43. 44. p. 499. And it is argued by the counsel, that in England, no inconvenience results from joining in the same action of debt, a count on a bond and a count on a mutuatus or other simple contract, because on suing out the original process, the plaintiff cannot demand bail of right on either of the causes of action, but he may demand bail on both, if he can make the affidavit that the joint demand amounts to £ 10. whereas with us, he cannot demand bail on the consolidated claim, unless he can swear that the defendant will probably depart from the jurisdiction of the court, which cannot be done in many cases, although *112 the whole claim is founded in justice: so that the result . J would be, that the plaintiff, in such a joinder of the causes of action, would be obliged, either to decline the demanding hail altogether, or to demand it for one of the causes of action,'and not for the other. I admit, that such would be the effect-; but I cannot perceive, that such practice would be either- inconvenient or against law. If a plaintiff have a demand on a defendant founded1 on a bond for 100 dollars, and another founded on a mutuatus for another 100 dollars, he may sue out his writ in debt for 200 dollars, and if he indorse on the writ that it is an action of debt, and that he requires bail for 100 dollars parcel thereof, and no bail for 100 dollars the residue, it seems to me, he complies with the directions of the law, and that the sheriff has a safe guide for the execution of his duty. If the. plaintiff violates the law by demanding bail for the whole sum united, the defendant, or the bail, may move the court, in due time, to dis- • charge them from their obligation; and, I apprehend, the plaintiff would subject himself to an action for false imprisonment, for-holding the defendant to bail in a larger sum than by law he had a right to do. The plaintiff, in demanding bail, acts at his peril.
Inconvenience is also supposed to arise from the circumstance, that as. our law stood before 1826, the appearance bail might defend the suit, and if he failed to sustain the defence, judgment was rendered at once, not only against the defendant, but against the bail. It is contended, that if a count on a single bill, for which bail is demanded, be united with one on a simple contract, for which bail is not demanded, the bail may plead as to one count, and the defendant as to the-other, and there will be a joint judgment against defendant and'bail as to one sum, and a several judgment against the defendant for the other. I admit the effect, but I deny that it would be very inconvenient, or at all illegal. A similar course was pursued by the general court, in Oxley v. Turner and Mason, 2 Virg. Ca. 334. There, in an action of assault and battery, bail was required by a justice in the sum of 100 dollars only; the appearance bail, Mason, de *113 fended the suit for the defendant, and a verdict was rendered against the defendant for 500 dollars; and it was held, that judgment could not go against the bail for the whole sum, because his bond was only obligatory for a smaller sum, and as he could not be held liable for more than the penalty of his bond, if he had been sued on it, so he could not be bound for more in the summary proceeding which the statute authorized. The court, therefore, conforming their opinion to the truth and justice of the case, decided that judgment should be rendered against Turner and Mason for 100 dollars part of the damages assessed, and against Turner for 400 dollars, the residue. I conclude, therefore, that the difference in the provisions of our law and that of England, on the subject of bail, affords no ground for a departure from the established rules of english practice as to joining, in the same declaration in debt., several distinct species of contract, taking care that each is one on which debt may be maintained.
The demurrer to the declaration put in issue the sufficiency thereof, and I am of opinion, that both counts were sufficient, and that they might properly be joined, and that the court was right in overruling the demurrer.
The court having thus decided against the demurrant, and the defendant not having asked leave to withdraw the demurrer and to plead over; and there being no plea putting in issue any matter of fact, as might have been done when the office judgment was set aside, the court proceeded to give judgment. The counsel for the appellant objects to the judgment as being for too much. It is for 207 dollars parcel of the debt demanded in the declaration with interest and costs. He contends, that the judgment should only be for 152 dollars with interest from 27th January 1825, on the ground that the indorsement on the single bill shews that that sum only was due. This objection presents the question, whether, on the pleadings in this case, the court could notice the indorsement on the single bill. The only pleadings were the declaration, oyer craved by the defendant of the writing obligatory (by which I presume is meant the single bill in the declara *114 tion mentioned), the demurrer and joinder. ' Now, it seems to me that on this state of the pleadings, oyer of the indorsement on the single bill was not demanded, and could not be demanded. The defendant craved oyer of the writing obligatory, and not of any condition annexed to it, nor of any indorsement made on it; and it was read to him. What was read ? The writing obligatory, the single bill, which alone was declared upon in the first count, of which alone profert was made, and which alone the defendant demanded or could demand to hear. . It is clear law, that if oyer be craved of a bond, and not of the condition, the oyer of the bond does not entitle the party to oyer of the condition, nor vice versa; for the bond and condition are considered as distinct, the bond being complete without the condition: oyer must be demanded of both, if oyer of both is wanted. 1 Wms. Saund. 9. b. note 1. 290. note 2. In this case, there was no condition, for it was a single bill that was declared on. But it was argued that the indorsement on the back of the single bill constitutes a part of it, and should be read as such. If an indorsement varies the effect of an obligation, having been made at the time of the execution of it, it has only the effect of a condition, and can only stand in the place of one, and be governed by the same rules. If the indorsement be made after the obligation, and evidences either a release or a payment, it can have no other effect than if the release or receipt were written on a different piece of paper: and as, in the latter case, a plea of release or of payment would enable the defendant to produce the separate instrument in evidence to support his plea, so in the former case, under a similar plea he could have the benefit of the indorsement as evidence to support his plea. But, in neither case, can oyer be demanded, either of the indorsement or of the separate instrument, because they make no part of the obligation on which the action is founded. Williams (in the note on 1 Saund. 9. b.) says, “ in this respect the condition or indorsement of a bond differs from a condition or indorsement on a deed, for the indorsement on a deed made at the time of its being executed, is part of the deed, and therefore there can *115 be no complete oyer of the deed without the indorsement.” By the term deed, the writer means deed of indenture, as appears from the case of Cook v. Remington, 6 Mod. 237. to which he refers. That case was debt upon a bond with condition to perform covenants in a certain indenture mentioned ; the defendant craved oyer of the indenture, which the plaintiff gave him, and one of the covenants therein was that the defendant would safely give up to the plaintiff the goods, a particular whereof was written on the back of the indenture. The defendant pleaded performance, and the plain tiff demurred. One of the resolutions of the court was, “ that the indorsement here at the time of the ensealing and delivery of the deed, was part of it; and, therefore, oyer of the body of the deed, without oyer of the indorsement, was not a complete oyer of the deed, the deed relating to the indorsement, and therefore not perfect without it: and it differs in this from an obligation with a condition indorsed, for there may be oyer of the obligation without any of the condition; and if one crave oyer of the obligation, he shall not upon that have oyer of the condition, because the obligation is complete and perfect without the condition, and does not refer to it.” In the case before us, the single bill is complete without the indorsement, and does not and could not refer to it, for the indorsement bears date nearly two years after the execution of the single bill. I am of opinion, that the defendant could not and did not crave oyer of the indorsement on the single bill, and that on the pleadings made up between the parties, it could not be noticed by the court.
If, indeed, that indorsement could have been noticed, I should have thought, not only that the judgment was objectionable as being for too mueh, but that the demurrer should be sustained, and the declaration adjudged insufficient, on different grounds from those first adverted to. In that case, the objection would not have, been that two causes of action were misjoined, but that one cause of action was made two by a most singular device.
*116 As the case however stands on the pleadings, the demur- • rer being properly overruled, judgment should have been rendered for the debt in the declaration demanded. That debt was 359 dollars, for which the court might have rendered the judgment. The injustice of such a judgment was brought on the defendant by himself, by failing to plead a plea which would have put in issue the fact of what sum was really due, and have enabled a jury to decide it. This injustice, however, has been obviated by the court’s entering a judgment for the sum claimed in the first count, and by further adjudging that that sum shall be discharged by the payment of the smaller sum with interest agreeably to the memorandum indorsed on the specialty. These judgments are, I think, both erroneous, and the latter has been rendered in a summary way and by a short cut. But the errors are beneficial to the appellant, and he cannot complain of them. I am, therefore, of opinion, that the judgment be affirmed.
Carr, J.
It is evident, that the judgment of the circuit court has rendered exact justice; but still the question is, whether the court was right in holding the declaration good, and in rendering the judgment? I think it was.
I understood it to be admitted, that each of the counts in the declaration, taken separately, was a good one, and that under the english decisions they might well be joined in the same declaration; and this was properly admitted, for the rule there, is that when the same plea may be pleaded, and the same judgment given, on all the counts, or when the counts are of the same nature, and the same judgment is to be given on them all, though the pleas be different, as in the case of debt on bond and on simple contract, they may be joined. 2 Wms. Saund. 117. b. c. But though this was admitted to be the english law, the counsel contended strongly, that it was not the law here: that our law makes bail demandable of right in particular specified actions, and none others, and makes it the imperative duty of the plaintiff to indorse on the writ, the nature of the action, and whether or no bail is required; and this being different from the english *117 law, he contended, that a different rule with respect to the ... , . . . „ joinder of counts must prevail here; that the plaintiff cannot here joint counts upon a bond, bill or note, for the payment of money, with counts on an insimul computassent, or other simple contract, because in the first, bail is demand-able as of right, in the last not. And he insisted, that if this might be done, the law would be evaded; as the plaintiff might, on the writ, demand bail, as in debt on bond, and in his declaration unite with it other counts or causes of action, on which no bail could be demanded, recover on these last counts alone, and hold the bail bound. Hut I cannot agree with him in his conclusions; or that this law with respect to bail, has at all changed the english rule, and made that a misjoinder of counts, which was not so before. The statute concerning bail was enacted with a view wholly different ; and contains provisions for preventing the evils apprehended, far different from a demurrer to the declaration. A party demands bail at his peril; if improperly his suit may be dismissed. If he has a bond for 500 dollars, and demands bail in that sum, though he should in his declaration unite with the count on the bond, other counts on simple contract, I cannot see how the bail can be held liable on these last. He has undertaken only for the bond: if there be no recovery on that, he must of course be discharged. I conclude, then, that the law is the same with us as in England; and that there is no misjoinder of counts in this case. If there were, I admit the law to be settled, that a general demurrer to the declaration is the right way to take advantage of it.
With respect to the oyer taken of the writing obligatory, I do not think it amounted to oyer of the indorsement. It is settled, that oyer of a bond does not give oyer of the condition : why then should it of an indorsement? The cases of Shermer v. Beale, 1 Wash. 11. Gordon v. Frasier, 2 Wash. 130. and Rees v. Conococheague Bank, 5 Rand. 326. were cited, as supporting the doctrine contended for; but they do not; they none of them turned upon the strict technical doctrines of oyer. Shermer v. Beale was a suit in chancery: the parties had an order of court made refer *118 ring the matters in controversy to arbitrators, who were to determine the same in conformity to bonds entered into by the parties; the bonds stipulated, that the award should be made by a certain time, and should be entered as the judgment of the court; upon this bond, the parties made an agreement lengthening the time for making the award &c. It was objected, that the award made under this agreement could not be entered as the judgment of the court, as the indorsement was no part of the bond; and this court decided, that it might be considered as a part of the condition of the bond. In Frasier v. Gordon, the district court on a writ of error coram nobis, was called on to correct a clerical error: this court said, it might and ought to have looked to the indorsement on the bond, as it was signed by both parties, and formed a part of the agreement. In Rees v. Conococheague Bank, it was held, that where judgment by default for want of appearance, is founded on an instrument of writing for payment of money, on which an indorsement of a credit is made by the plaintiff himself, the judgment should be entered subject to such credit; or if the plaintiff refuses that, a writ of inquiry should be awarded. Surely, it is apparent from the statement of these cases, that they give no support to the doctrine contended for. But suppose the indorsement was considered as spread before us by the oyer; what is it ? Does it in truth, as was insisted, amount to this, that the paper from that moment ceased to be an obligation for 207 dollars, and become an obligation for 152 dollars ? 1 cannot think so. The parties, assuredly, did not so intend. They call it “ a balance due on the within note,” not a new note. I cannot think that oyer of this indorsement would make any difference: it is but a credit entered on the writing ; and ought not to have been noticed in the declaration.
It was at first objected, that the judgment was entered erroneously, being for too little; but this objection was properly abandoned, on the authority of Ross v. Gill, 1 Wash. 88. which is exactly in point. I think the judgment should be affirmed.
Brooke, J. concurred. Judgment affirmed.